J-S04026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSUE CERVANTES :
:
Appellant : No. 988 EDA 2021

Appeal from the Judgment of Sentence Entered April 1, 2021
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0001759-2009

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 16, 2022**

Josue Cervantes (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his probation. Additionally, Appellant's counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On January 25, 2010, a jury convicted Appellant of one count each of criminal trespass, attempted criminal trespass, aggravated indecent assault (without consent), aggravated indecent assault (involving someone unconscious or unaware of the contact), indecent assault (without consent), indecent assault (involving someone unconscious or unaware of the contact),

_____

[*] Former Justice specially assigned to the Superior Court.

and sexual assault.[1]  The trial court deferred sentencing for Appellant to undergo a mental health evaluation.

On July 7, 2010, the trial court sentenced Appellant to 6 — 12 years of incarceration, followed by 10 years of probation.  Appellant's sentence included the following conditions: 1) submit to a drug and alcohol evaluation and follow treatment recommendations; 2) obtain a GED; and 3) complete the Sex Offender Program.  Sentencing Order, 7/7/10.  This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.  ***See Commonwealth v. Cervantes***, 32 A.3d 270 (Pa. Super. July 15, 2011) (unpublished memorandum), ***appeal denied***, 34 A.3d 81 (Pa. 2011).  Thereafter, in 2012 and 2017, Appellant filed two unsuccessful petitions for relief pursuant to the Post Conviction Relief Act (PCRA).  ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Including credit for time served, Appellant served his 12-year maximum sentence.  In March 2021, while Appellant served the 10-year probationary tail,  Parole Agent Joseph Cantymagli (Agent Cantymagli) reported Appellant had violated the terms of his probation by failing to sign the Parole Board's Special Probation Rules and Regulations Form 325, and failing to complete sex

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1), 901(a), 3125(a)(1), 3125(a)(4), 3126(a)(1), 3126(a)(4) and 3124.1.

offender treatment.[2]  The court held a ***Gagnon II***[3] hearing on April 1, 2021, at which Agent Cantymagli and Appellant testified.  At the conclusion of the hearing, the court found Appellant in violation of his probation, and sentenced him to concurrent prison terms of 1 — 10 years for his convictions of aggravated indecent assault (without consent) and aggravated indecent assault (involving someone unconscious or unaware of the contact).  The court awarded credit for time served from March 25, 2021, to April 1, 2021.

Appellant filed a *pro se* appeal on May 5, 2021.[4, 5]  On November 29, 2021, counsel filed an ***Anders*** brief and petition to withdraw as counsel, in

---

[2] Appellant refused to complete Batterers Group, Sex Offender Mod-High Intensity, Therapeutic Community and Violence Prevention High Intensity programs.  Petition to Issue Bench Warrant, 3/5/21.

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[4] Appellant was represented by counsel when he filed the *pro se* notice of appeal.  Generally, hybrid representation is forbidden and *pro se* filings when represented by counsel are rejected as legal nullities.  ***See Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016).  However, Appellant's misstep is not fatal, as "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel."  ***Id.*** at 624.  Thus, Appellant's appeal is properly before us.

[5] On August 2, 2021, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely, where Appellant filed his *pro se* notice of appeal on May 5, 2021.  Counsel responded on August 11, 2021, explaining that Appellant delivered his *pro se* notice of appeal to prison authorities for mailing on April 29, 2021, and it was received and docketed by the Clerk of Courts on May 5, 2021.  Appellant's Answer, 8/11/21.  We subsequently discharged the Rule and referred the timeliness issue to the merits panel.  Our review of the record confirms Counsel's averments.  Under the prisoner mailbox rule, Appellant's *pro se* notice of appeal was filed on April 29, 2021.  ***See Commonwealth v. Chambers***, 35 A.3d 34, 39 (Pa. Super.
*(Footnote Continued Next Page)*

which he argues that Appellant's appeal is frivolous and requests permission to withdraw from representation. Appellant did not file a response to Counsel's **Anders** brief in this Court, but filed a *pro se* response to the trial court's Pa.R.A.P. 1925(b) order. Counsel attached Appellant's *pro se* response to the **Anders** brief for this Court's review and consideration.

We first address Counsel's motion to withdraw. Before being permitted to withdraw, counsel must satisfy procedural and substantive requirements:

> Counsel must: 1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

Here, Counsel states that he found Appellant's issue to be frivolous after conducting a careful and thorough review of the record, Appellant's file, and applicable case law. Petition to Withdraw as Attorney of Record, 11/29/21, at ¶3. Counsel attached to his petition a copy of the letter he sent to Appellant, in which Counsel advised Appellant that he could retain private counsel or proceed *pro se*. **Id**. at Ex. 2. Counsel also provided Appellant with a copy of

---

2011) (prisoner mailbox rule provides that *pro se* prisoner's pleading is deemed filed on the date delivered to prison authorities for mailing). Accordingly, Appellant's *pro se* notice of appeal was timely filed within 30 days of sentencing. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 903(a).

the **Anders** brief. We thus find that Counsel satisfied the procedural mandates for withdrawal.

With respect to the substantive requirements,

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (citing **Santiago**, 978 A.2d at 361)). If counsel has satisfied the above requirements, it is then this Court's duty to review the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel's **Anders** brief includes the history of the case, facts which support Appellant's appeal, and Counsel's reasons for concluding that the appeal lacks merit. **See Anders** Brief at 4-7. Appellant filed no response. Upon review, Counsel has complied with the procedural and substantive requirements of **Anders** and **Santiago**. Thus, we examine Appellant's issue.

Counsel raises one issue on Appellant's behalf: "Whether the sentence imposed on April 1, 2021, by the trial court was illegal?" **Anders** Brief at 3.

Appellant contends the court imposed an illegal sentence.[6] He claims the court erred in sentencing him to incarceration because he had already served his maximum sentence. *Id.* at 6; *see also* N.T., 4/1/21, at 12.

Our scope of review following resentencing after probation revocation is limited to the validity of the revocation proceedings, the legality of the sentence, and the discretionary aspects of sentencing. *Cartrette*, 83 A.3d at 1033-34. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa. Super. 2020) (citation omitted).

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id*. (quoting *Commonwealth v. Watson*, 945 A.2d 174, 178–79 (Pa. Super. 2008)). Likewise, a sentence that exceeds the statutory maximum is illegal. *Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. Super. 2003). If a court "imposes a sentence outside of the legal parameters

---

[6] Appellant does not challenge the sufficiency of the evidence or the court's determination that he violated his probation. If fact, Appellant conceded the violation. *See* N.T., 4/1/21, at 7 ("I am unable to participate in sex offender treatment because that would entitle [*sic*] me to admit guilt[.]").

prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000). Issues concerning the legality of a sentence are questions of law; our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa. Super. 2019).

Here, the trial court originally sentenced Appellant to an aggregate 6 — 12 years in prison, followed by 10 years of probation. At that time, the court did not sentence Appellant to incarceration on his two aggravated indecent assault convictions. Specifically,

> COUNT 4: Aggravated Indecent Assault [(without consent)]
> Probation: 10 years to run consecutively to ct. 3.
>
> COUNT 5: Aggravated Indecent Assault [(involving someone unconscious or unaware of the contact)]
> Probation: 10 years to run concurrently to ct. 4.

Sentencing Sheet, 7/7/10.

As noted, after serving his 12-year maximum and beginning his 10-year probationary sentence, Appellant violated his probation by failing to comply with conditions (included the completion of sex offender treatment). As Appellant's Counsel correctly points out, ***Commonwealth v. Wallace***, 870 A.2d 838 (Pa. 2005), is controlling, and permits a court, upon revocation, to impose any sentence available under the Sentencing Code at the time of the original sentence. ***Anders*** Brief at 6. In ***Wallace***, the Pennsylvania Supreme Court emphasized that the sentencing alternatives "shall be same as were *available at the time of initial sentencing*." ***Wallace***, 870 A.2d at 842 (quoting

*Commonwealth v. Pierce*, 441 A.2d 1218, 1219 (Pa. 1982) (emphasis in original)).

> As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that **at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code** and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Id*. at 842–43 (emphasis added).

The trial court found Appellant had violated his probation, and thus revoked his probationary sentences for aggravated indecent assault (without consent) and aggravated indecent assault (involving someone unconscious or unaware of the contact). Aggravated indecent assault is a second-degree felony, 18 Pa.C.S.A. § 3125(c)(1), and punishable by a term of imprisonment not to exceed 10 years. *See* 18 Pa.C.S.A. § 1103(2). The court resentenced Appellant to concurrent terms of 1 — 10 years of imprisonment (with credit for time served). Thus, the revocation sentence is proper. Consistent with the language of Section 9771(b) and the rationale of *Wallace*, we agree that Appellant's challenge to the legality of his sentence is frivolous.

We next address the issue Appellant raised in his *pro se* response to the trial court's Pa.R.A.P. 1925(b) order, which Counsel attached to his *Anders* brief. *See Commonwealth v. Baney*, 860 A.2d 127, 129 (Pa. Super. 2004) (explaining that after reviewing the issues raised in an *Anders* brief, this Court

shall consider issues raised in a *pro se* brief if filed within a reasonable amount of time).

We best discern Appellant's issue as challenging the trial court's jurisdiction to revoke his probation and impose a new sentence. Appellant argues:

> Respondents illegally and unconstitutionally took [dominion] and want of [jurisdiction] to impose a [state parole board] violation without Mr. Cervantes entering agreement … . The Court/Respondents lack legal authority and legal justification to invoke jurisdiction and proceed with a V.O.P. violation … . Respondents violated Mr. Cervantes' Due Process Rights … Respondents lack jurisdiction for V.O.P. violation that was not part of the record (original sentence). Respondents are operating with practices of fraud, innuendo, malicious prosecution, legal servitude, coercion, deception, duress, … which is illegally unconstitutionally during the course of business that operate as fraud in conspiracy with Respondents under color of law … .

*Pro Se* Response, 5/5/21, at 6-7 (unnumbered) (brackets in original).

It is well-settled that courts of common pleas have general subject matter jurisdiction, and Appellant developed no legal argument to the contrary. **Cf**. **Commonwealth v. Bethea**, 828 A.2d 1066 (Pa. 2003). This issue is frivolous.

Finally, our independent review of the record discloses no other non-frivolous issues. **Dempster**, **supra**. As there are no meritorious issues, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2022